UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

SUSAN A. ZIMMERMAN,

                      Plaintiff,

      v.

COUNTY OF MONROE, *et al.*,

                      Defendants.
───────────────────────────────

**ORDER**

22-CV-6500 MAV CDH

      This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 7; Dkt. 34). On April 10, 2025, plaintiff Susan A. Zimmerman ("Plaintiff") filed a motion to compel regarding certain document requests and requested depositions. (Dkt. 50). After the completion of briefing (*see* Dkt. 51; Dkt. 52), the Court scheduled oral argument for September 11, 2025, at 1:30 p.m. (Dkt. 57).

      Plaintiff's counsel of record, Cortney A. Peterkin, Esq., failed to appear at the scheduled oral argument on September 11, 2025. (*See* Dkt. 58). A member of the Court's staff called Ms. Peterkin on her cell phone, whereupon she stated that she was no longer affiliated with the law firm Cantor Wolff Nicastro & Hall and that the file for this matter had not transferred with her.

      Ms. Peterkin has not filed a motion to withdraw as counsel for Plaintiff in accordance with the Court's Local Rules, nor has any other attorney appeared on Plaintiff's behalf. *See* Loc. R. Civ. P. 83.2(d) ("If [an] attorney changing firms will not

continue to represent a party, and no other attorney from that law firm remains as counsel of record for that party, the withdrawal/substitution of counsel procedure outlined in subsection (c) shall be followed."). Unless and until she complies with the Local Rules, Ms. Peterkin remains counsel of record for Plaintiff in this matter. *See, e.g., Villar v. City of N.Y.*, 540 F. Supp. 3d 437, 439 (S.D.N.Y. 2021) ("Traditionally, federal courts have required that when an attorney appears on behalf of a client, that attorney must represent the client in all respects until judgment, unless relieved by the Court.").

**By no later than September 26, 2025,** Ms. Peterkin is required to submit a letter update to the Court regarding the status of Plaintiff's representation, unless she follows the procedures set forth in Local Rule 83.2 prior to that date.

In light of the issues regarding Plaintiff's representation, the Court denies the pending motion to compel (Dkt. 50) without prejudice. The Court cannot resolve that motion without clarification of certain positions taken and issues raised by Plaintiff's counsel, which is why oral argument was scheduled. Upon resolution of the representational issue, Plaintiff's counsel may refile the motion to compel if Plaintiff still seeks to pursue the issues raised therein.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         September 12, 2025